IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

      **Plaintiff,**

      v.                            **CASE NO. 25-3235-JWL**

RENO COUNTY CORRECTIONAL
FACILITY, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Jesse Joseph Aich is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF").

Plaintiff names as Defendants the RCCF and Turnkey. Plaintiff alleges that Turnkey is a conduit of the jail and a "third party vendor by proxy." (Doc. 1, at 2.) Plaintiff alleges that the RCCF allowed Defendant Turnkey to put kiosks in the jail. Plaintiff alleges that while he can say whatever he wants on the phone or in messages to staff, his personal messages are censored in violation of his First Amendment right to freedom of speech. *Id*. Plaintiff alleges that Turnkey has no power or authority to act independently of the RCCF. *Id*.

Plaintiff alleges that when he attempted to ask his aunt if she was well and how her grandkids were doing, his correspondence was denied due to forbidden content. *Id*. at 3. Plaintiff

alleges that he also attempted to send a text about the history of the war, and it was not sent due to

forbidden content. *Id*. Plaintiff seeks to be able to "communicate with [his] Family and loved

ones without being censored per [his] right to freedom of speech." *Id*. at 5.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are

legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–

(2).

A court liberally construes a pro se complaint and applies "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition,

the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true,

could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  First Amendment Claim

Plaintiff believes that he should be able to communicate freely with family and loved ones without any censorship. Correspondence between a prisoner and an outsider implicates the

guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996) ((citing *Procunier v. Martinez*, 416 U.S. 396, 408, 418 (1974), *overruled in part by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989)); *see also Gee v. Pacheco,* 627 F.3d 1178, 1188 (10th Cir. 2010) ("The Supreme Court has recognized that '[a]ccess is essential . . . to families and friends of prisoners who seek to sustain relationships with them.' ") (quoting *Thornburgh*, 490 U.S. at 407).

These constitutional rights may, however, be subject to limitations when those limitations relate to legitimate penological interests unrelated to the suppression of expression. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees"). The United States Supreme Court:

> also has recognized, however, that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." [*Turner v. Safley*, 482 U.S. 78, 84 (1987)] (internal quotation marks omitted). Accordingly, prisoners' rights may be restricted in ways that "would raise grave First Amendment concerns outside the prison context." *Thornburgh v. Abbott*, 490 U.S. 401, 407 [ ] (1989). In particular, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89, 107 S. Ct. 2254.

*Gee*, 627 F.3d at 1187.

Plaintiff has given no information as to what his messages said, other than that he was inquiring as to his family's well-being, and about the history of the war. A plaintiff "must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Id*. at 1188. "This is not to say that [a plaintiff' must identify every potential legitimate interest and plead against it; we do not intend

that pro se prisoners must plead, exhaustively, in the negative in order to state a claim . . . It is sufficient that he plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id*.

Plaintiff is given the opportunity to submit an amended complaint that pleads sufficient factual allegations to raise his right to relief above the speculative level.

### 2. Defendants

#### A. The RCCF

Plaintiff names the RCCF as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the RCCF are subject to dismissal.

#### B. State Actor/Personal Participation

Plaintiff also names Turnkey as a defendant. Plaintiff alleges that he "attempted to inquire" regarding his aunt and her grandkids, and sent a text about the history of the war. Plaintiff alleges that his inquiry "was denied due to forbidden content," and "it" would not let him send his text.

5

Plaintiff fails to state who was monitoring his communications by text or who prevented the texts from being sent.  He has not named any individuals from the RCCF or any employees of Turnkey as defendants.

Plaintiff must show that a defendant was  acting under color of state law as required under § 1983.   A plaintiff "must show that the alleged deprivation was committed by a person acting *under color of state law*."  *West*, 487 U.S. at 48 (emphasis added).  Courts have considered whether private companies providing telephone services to inmates should be considered state actors for purposes of § 1983.  *See Montgomery v. Securus Technologies*, 2020 WL 3343000, at *4 (W.D. Ky. 2020).   Many courts "have considered this issue and decided that companies providing telephone services to inmates are not 'state actors' within the meaning of Section 1983." *Id*. (citing *Pierce v. Kalamazoo Cty. Jail*, No. 1:14-CV-684, 2014 WL 5599693, at *2 (W.D. Mich. Nov. 3, 2014) ("Plaintiff alleges that TelMate contracted with the state to provide phone services to the county jail, but the provision of telephone services to inmates in a county jail, and then charging for them pursuant to its contract with the county, does not transform TelMate into a state actor for purposes of § 1983." (citation omitted)); *Iswed v. Caruso*, No. 1:08-CV-1118, 2009 WL 4251076, at *3 (W.D. Mich. Nov. 24, 2009) ("Plaintiff fails to allege any basis for the court to conclude that Embarq's provision of telephone services to the prison are fairly attributable to the state. As a consequence, Embarq will be dismissed because it is not a state actor."); *Evans v. Skolnik*, No. 3:08-CV-00353-RCJ-VPC, 2009 WL 3763041, at *4 (D. Nev. Nov. 5, 2009), *aff'd*, 637 F. App'x 285 (9th Cir. 2015) (holding that "defendants' alleged actions of maintaining and operating the [Nevada State Prison] telephone system [are not] fairly attributable to the state so as to subject these private party defendants to the constraints of federal suit under § 1983."); *Breland v. Evercom Sys., Inc.*, No. 7:09-CV-60-HL, 2009 WL 1490488, at *1 (M.D. Ga. May 27, 2009) ("Plaintiff

6

does not allege that Evercom's relationship with the Colquitt County Jail goes any farther than the provision of telephone service. Thus, plaintiff's complaint fails to satisfy the under 'color of state law' element."); *but see Washington v. Reliance Tel. Sys.*, No. 1:19-CV-124, 2019 WL 5580954, at \*3 (D.N.D. Oct. 29, 2019) (declining to conclude that a telephone services provider was not a state actor when "the focus of [plaintiff's] claim is largely on the alleged monitoring of telephone calls with counsel." (citation omitted)); *Walen v. Embarq Payphone Servs. Inc.*, No. 06-14201, 2009 WL 3012351, at \*3 (E.D. Mich. Sept. 17, 2009) (holding that Embarq Payphone Services Inc. was a state actor because it was a joint participant with the state when monitoring and recording prisoner communications, and Embarq "provided the system that determined which communications were monitored.")).

Plaintiff has not alleged that his communications were with an attorney or otherwise privileged.  Plaintiff alleges that Turnkey put the kiosks in the jail and has no power or authority to act independently of the RCCF.  He does not indicate whether Turnkey actually does the monitoring or censoring of his communications, or if it merely supplies the telephone service or kiosk equipment.  *See Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003) (holding that vendor that provided televisions and cassette players was not a state actor); *Roberts v. Jack L. Marcus Co.*, 2021 WL 2828379, at \*1 (E.D. Wisc. 2021) ("Selling electronics to prisoners is not 'a traditional, public function,' so the mere fact that the vendor may have a contract with the institution is insufficient to transform it into a state actor.").

Plaintiff has failed to specify who is monitoring or censoring his communications.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983

imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue,

8

including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted).  A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

### 3. Request for Relief

Plaintiff asks the Court to allow him to communicate with his family and loved ones "without being censored per [his] right to freedom of speech." (Doc. 1, at 5.)  Prospective relief with respect to prison conditions "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff" and "[t]he court shall not grant or approve any

prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."   18 U.S.C. § 3626(a)(1).   "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."  *Id*.  A federal court considering a request for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  *Id*. at § 3626(a)(2).  An order allowing Plaintiff to communicate without *any* oversight is just the type of relief § 3626(a)(2) cautions against.

### 4. Objection to Initial Partial Filing Fee

Plaintiff has filed an Objection to Document Number 3 (Doc. 4), objecting to the Court's assessment of an initial partial filing fee.  Plaintiff states that because he is incarcerated, it should go without saying that he is indigent.  (Doc. 4, at 1.)  Plaintiff argues that the Court granted him leave to proceed in forma pauperis, so the Court must believe that he has no income.  *Id*.

The Court granted Plaintiff leave to proceed in forma pauperis, which means that Plaintiff was not required to prepay the entire filing fee.  He still must make installment payments according to statute until his filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1) and (2).  The statute also provides for the assessment of an initial partial filing fee. The Court must assess an initial partial filing fee of 20 percent of the greater of—"(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  *Id*. at (b)(1). Whether a person is in custody or whether or not they have income from a job, is not determinative.  All

10

deposits on the prisoner's account are considered.   However, the Court will consider Plaintiff's objection as a motion to waive the initial partial filing fee and will grant the motion.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.   Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3235-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the

prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection (Doc. 4) is **granted** to the extent that the Court will waive Plaintiff's initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 19, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 19, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 19, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**